[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried at Lewiston, Maine on September 10, 1983. They have resided continuously in Connecticut since 1990; CT Page 7824 therefore, this court has jurisdiction. There are two children, issue of the marriage. They are Aimee, born July 14, 1986 and Michael, born September 22, 1988. The evidence indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 38, reports that her health is excellent. She is currently employed as a housing specialist by the State of Connecticut Judicial Department. She has worked throughout the marriage in addition to performing the duties of a homemaker.
The defendant, age 39, also enjoys good health. He has a masters degree in communications and is employed as director of sales and marketing for ESPN, a radio and television company.
These are two bright young people who were childhood sweethearts. They grew apart because of a failure to communicate, and the plaintiffs feeling that the defendant did not attempt to share the responsibility of raising their children.
The court has considered the criteria set forth in Connecticut General Statutes, Sections 46b 56, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) In accordance with the stipulation of the parties, they shall share joint legal custody of their children, and both children shall reside with the plaintiff.
 The defendant shall have liberal rights of visitation, which shall include the following:
 a. Every other week from 7:30 p. m. on Friday through 7:30 p. m. on Sunday;
 b. Every Thursday from after work, overnight, with the defendant transporting the children to school the next day or to the plaintiffs residence, if school is not in session;
 c. One week of summer vacation with the children to be scheduled at a mutually agreeable time to be fixed no later than April 19, of each year; CT Page 7825
 d. School vacations shall be alternated between the parties, with the defendant getting the first school vacation period for the academic year 1999-2000;
e. The parties shall share holidays as follows:
 1. Split Monday legal holidays, as permitted by the defendant's employment;
2. Alternate Thanksgiving Day;
 3. Share Christmas Eve, Christmas Day and Christmas vacations;
4. Share Easter Sunday.
 f. In the event the children have activities scheduled when they are with one or the other parent, the parent they are scheduled to be with shall have the responsibility for getting the child or children to the activity with any required clothes or equipment.
2. The defendant shall pay to the plaintiff as child support the sum of twenty-four hundred ($2,400) dollars per month. The payments shall commence on August 1, 1999 and monthly thereafter until the younger child, Michael, attains majority or attends high school and resides with the plaintiff and completes the twelfth grade or reaches age nineteen, whichever event first occurs. Payments shall be made by way of electronic deposit on the same basis as has been done for the pendente lite order.
 The pendente lite order shall continue through the month of July, 1999.
 The court notes that the combined net incomes of the parties exceed the maximum limits of the Child Support Guidelines. The presumptive minimum support obligation under the guidelines for two children is four hundred eighty ($480) dollars per week. ($2,064 per month).
3. The defendant shall pay to the plaintiff as periodic alimony in a lump sum thirty percent (30%) of the difference between the defendant's total gross compensation and his current CT Page 7826 annual base pay of $95,000. The alimony shall be paid annually on January 15th of each year and be based on the defendant's total compensation for the immediately preceding year, including any bonus earned in the preceding year even if it is considered as income for tax purposes in the calendar year it is received.
 The payments shall commence on January 15, 2000 and on January 15th of each year thereafter until the death of either party, the plaintiffs remarriage, the plaintiffs living together with another under conditions provided under Connecticut General Statutes, Section 46b-86 (b), or through January 15, 2007, whichever event first occurs.
4. As security for his obligations to pay child support and alimony the defendant shall provide for life insurance on his life in the following amounts:
 a. $200,000, naming his two minor children as irrevocable beneficiaries for as long as the defendant is required to pay child support;
 b. $50,000, naming the plaintiff as irrevocable beneficiary for as long as the defendant is required to pay alimony.
 The defendant shall annually furnish the plaintiff proof of such coverages.
5. There are currently life insurance policies insuring the lives of the two minor children in the amount of $25,000 each. Each policy may have a cash surrender value. The defendant is awarded the ownership of both policies. The defendant and plaintiff shall be named cobeneficiaries on each policy. The defendant shall be responsible to maintain both policies and may use dividends and the cash surrender values to pay any required premiums.
 The plaintiff is awarded the ownership of her two life insurance policies, each in the amount of $10,000, together with any cash surrender values.
 The defendant is awarded ownership of his Prudential life insurance policy in the amount of $35,000 together with any cash surrender value. CT Page 7827
6. The plaintiff shall carry medical and dental insurance coverage for the minor children through her employment.
 Each party shall pay half of all unreimbursed or uninsured medical, dental, orthodontic, vision and therapy expenses for the minor children. Section 46b-84(e) of the Connecticut General Statutes shall apply.
7. The plaintiff shall have exclusive possession of the jointly owned marital residence located at 44 Sterling Place, Stamford, Connecticut, until the younger child reaches majority or resides with the plaintiff, attends high school or completes the twelfth grade or reaches age 19, whichever event first occurs. At that time, the residence shall be listed for sale and sold. The court reserves jurisdiction in reference to the listing and sale, in the event the parties are unable to agree about the terms and conditions of sale.
 After payment of commissions and customary closing costs of the sale and payment of the currently outstanding first and second mortgages, the parties shall share the balance equally. While the plaintiff maintains possession of the marital residence, she shall be responsible for the payment of all carrying charges, including the first mortgage and carrying charges on the second mortgage, the homeowners insurance and all repairs not exceeding $250. All required repairs in excess of $250 shall be equally shared by the parties, after consultation and consent by the defendant, which consent shall not unreasonably be withheld.
 Annually, starting in the year 2000, at the time the defendant receives a bonus and makes an alimony payment to the plaintiff, as previously ordered, each party shall contribute the sum of fifteen hundred ($1,500) dollars to the reduction of the second mortgage on the marital residence, unless they mutually agree to a lesser payment.
8. The plaintiff shall convey to the defendant her entire interest in the real property of the parties that is located in Auburn, Maine, subject to the outstanding mortgage which the defendant shall assume and hold the plaintiff harmless from any liability thereon. Any escrow funds held for expenses of this property shall be turned over to the defendant. Also, any income tax benefits available as a result of the sale of this property are awarded to the defendant. CT Page 7828
9. The plaintiff is awarded the following:
 a. The bank accounts listed on her financial affidavit dated June 8, 1999;
 b. The 1998 BMW automobile subject to the outstanding loan which shall be her sole responsibility;
 c. The 1993 Plymouth Sundance automobile. The defendant shall transfer his interest to the plaintiff;
 d. The three deferred compensation plans listed on her financial affidavit;
10. The defendant is awarded the following:
 a. The bank accounts listed on his financial affidavit dated June 8, 1999;
 b. The 1992 Dodge Caravan automobile. The plaintiff shall transfer her interest to the defendant; "
 c. The three deferred compensation plans listed on his financial affidavit dated June 8, 1999;
d. His baseball cards and sports memorabilia.
11. After payment of the fees of the tax preparer, the parties shall share equally all refunds received from the filing of joint Federal, State and City tax returns for the calendar year 1998.
12. All cash proceeds from the Prudential life insurance policies class action suit settlements shall be shared equally.
13. The defendant shall assign to the plaintiff one-half of the stock options he owns in United States Satellite Broadcasting Company.
14. The defendant shall, subject to airline regulations, transfer to the plaintiff the rights to three free domestic airline tickets. The defendant shall also transfer to the plaintiff the rights of up to three free tickets for international airline tickets, but no more than leaving less than three CT Page 7829 such tickets for himself based on his total free miles as of the date of this memorandum. The court intends the plaintiff to receive one-half of such tickets, with a maximum of three tickets for international flights allocated to the plaintiff.
15. The parties shall divide their personal effects and furnishings by agreement. The court reserves jurisdiction to make further orders if they fail to agree after assistance from the Family Services office.
16. The plaintiff shall claim her daughter, Aimee, as a dependant for tax purposes. The defendant shall claim his son, Michael.
17. Each party shall be solely responsible for the payment of the liabilities, including counsel fees, listed on her and his financial affidavit.
18. The plaintiff's maiden name of Marquis is hereby ordered restored. Judgment may enter accordingly.
Novack, J.